PER CURIAM.
We reverse the trial court’s order that summarily denied appellant’s motion for postconviction relief and remand for an evidentiary hearing. The trial court denied the motion by adopting and attaching the State’s response. As the State concedes on appeal, the State’s response below acknowledged that an evidentiary hearing was required to resolve Ground (1) where appellant alleged that counsel had failed to convey a plea offer. We remand for an evidentiary hearing as to this claim and as to appellant’s Ground (2) wherein he alleged that he asked for an attorney before police questioning and that trial counsel should have discovered these facts and moved to suppress his confession as “coerced.”
In Ground (2), appellant, who filed his motion pro se, appears to be alleging a violation of Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). While appellant was read and acknowledged that he understood his Miranda rights in his taped statement, he alleges that he asked for an attorney before police began recording. The subsequent Miranda warnings may not be sufficient. Wilder v. State, 40 So.3d 804, 805-06 (Fla. 1st DCA 2010) (quoting Maryland v. Shatzer, 559 U.S. 98, 130 S.Ct. 1213, 1219-20, 175 L.Ed.2d 1045 (2010)).
Appellant’s allegations in Ground (2) are not refuted by the record and must be accepted as true in this appeal. Kimbrough v. State, 886 So.2d 965, 981 (Fla.2004). The trial court may pass upon the truth of appellant’s allegations after conducting an evidentiary hearing and determine whether counsel was deficient under the circumstances of this case.
We affirm the denial of appellant’s other claims without discussion.

Reversed and Remanded for an eviden-tiary hearing.

POLEN, DAMOORGIAN and GERBER, JJ., concur.